UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EARNEST SEALY,

                      Petitioner,                   **MEMORANDUM AND ORDER**

          - against -                                07-CV-1195 (NGG) (RLM)

MICHAEL GIAMBRUNO,

                      Respondent.
-------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge:

    *Pro se* petitioner Earnest Sealy[1] ("Petitioner" or "Sealy") brings this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury in New York Supreme Court, Kings County, convicted Petitioner of Criminal Possession of a Weapon in the Third Degree and Criminal Sale of a Firearm in the Third Degree. By letter dated January 28, 2008, Petitioner has notified the court that the Executive Office for Immigration Review of the U.S. Department of Justice has affirmed the decision of an immigration judge finding Petitioner removable. (January 28, 2008 letter from Petitioner to the court at exh. 1, <u>In re Ernest Rawl Sealey, a.k.a. Ernest Sealy</u> (Docket Entry # 7).) Petitioner requests that, because the immigration judge's decision was predicated upon the state-court conviction at issue in this case, the court grant a stay of removal pending this court's ruling on the habeas petition. (<u>Id.</u>)

    The filing of a habeas corpus petition with this court does not preclude action by federal immigration authorities. A conviction is final and may be relied upon in removal proceedings

---

[1] Petitioner identifies himself as Sealy Earnest (January 28, 2008 letter from Petitioner to the Court (Docket Entry # 7), rather than Earnest Sealy. However, Petitioner's name appears on the docket as Earnest Sealy, which is the same name the immigration judge used. (<u>See</u> <u>id.</u>, exh. 1, <u>In re Ernest Rawl Sealey, a.k.a. Ernest Sealy</u>.) Thus, the court will identify Petitioner as Earnest Sealy for the purposes of this and any future Orders.

when review of the conviction on direct appeal has concluded. Montilla v. INS, 926 F.2d 162, 164 (2d Cir. 1991). "A conviction subject to collateral attack is nonetheless final for the purpose of immigration review." Kendall v. Mooney, 273 F. Supp. 2d 216, 218-19 (E.D.N.Y. 2003) (citing Rivas v. INS, 02 Civ. 6778 (DLC) (S.D.N.Y. Jan. 27, 2003); see also Agero v. McElroy, 901 F. Supp. 146, 146 (S.D.N.Y. 1995). Thus, Sealy's Section 2254 habeas corpus petition has no bearing on the finality of his conviction for immigration purposes. (Id.)

In any event, this court also lacks jurisdiction to review Petitioner's request. "By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition [for removal].'" Rodney v. Gonzalez, No. 05 CV 3407, 2006 WL 73731, *2 (E.D.N.Y. Jan. 10, 2006); see also Munoz v. Gonzalez, No. 05 Civ. 6056, 2005 WL 1644165, *1 (S .D.N.Y. July 11, 2005) (effective May 11, 2005, a district court lacks jurisdiction to stay an order of removal).

Accordingly, Petitioner's application for a stay of removal is denied. The court will consider Sealy's petition for habeas corpus in due course.

SO ORDERED.

Dated: May 23, 2008                        /s Nicholas G. Garaufis
      Brooklyn, New York             NICHOLAS G. GARAUFIS
                                             United States District Judge