UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ERNEST SEALY,

                  Petitioner,                **MEMORANDUM & ORDER**

        - against -                        07-CV-1195 (NGG)

MICHAEL GIAMBRUNO,

                  Respondent.
-------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On March 14, 2007, pro se petitioner Ernest Sealy ("Petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction in Kings County, New York for Criminal Possession of a Weapon in the Third Degree and Criminal Sale of a Firearm in the Third Degree. Petitioner claims that he was deprived of his due process rights when the trial court refused to provide a missing witness charge and when the prosecutor elicited testimony that improperly bolstered prior testimony identifying Petitioner in a lineup. For the reasons set forth below, both of these claims are procedurally barred from habeas review. The petition is therefore denied.

I.    **LEGAL STANDARD**

Federal courts "do not review arguments procedurally defaulted in state court if the finding of default constitutes an 'independent and adequate state ground' for the state court's decision." Brown v. Greiner, 409 F.3d 523, 532 (2d Cir. 2005). This rule applies when a "state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (internal citation omitted).

Procedural default may be avoided when a petitioner shows (1) cause for the default and prejudice or (2) "that failure to consider the claim will result in miscarriage of justice, i.e., the petition is actually innocent." Sweet v. Bennett, 353 F.3d 135, 141 (2d Cir. 2003); see Marrero Pichardo v. Ashcroft, 374 F.3d 46, 53-54 (2d Cir. 2004) (miscarriage of justice would occur as a result of procedural default of claim in motion challenging removal order that was "virtually certain to succeed if considered on appeal").

## II. DISCUSSION

The decision of the Appellate Division denying the claims Petitioner here raises clearly states that it was relying on procedural default as an independent and adequate state ground. People v. Sealy, 35 A.D.3d 510 (N.Y. App. Div. 2006) ("The defendant's application [for a missing witness charge] was untimely, as it was made during the charge conference, well after both sides had rested"; "The defendant's contention that a detective's testimony improperly bolstered a prior identification of the defendant at a lineup is unpreserved for appellate review, since he failed to object to the allegedly improper testimony.").

In his reply brief, submitted after he received Respondent's brief asserting that his claims were procedurally defaulted, Petitioner does not argue cause and prejudice for the procedural default or that he is actually innocent.[1] These claims are therefore procedurally defaulted. See Smith v. Duncan, 411 F.3d 340, 347-48 (2d Cir. 2005) (noting petitioner's failure to argue cause and prejudice or actual innocence).

---

[1] Petitioner argues that the state trial court entertained the merits of his request for a missing witness charge in spite of the fact that it may not have been timely made. This does not excuse the procedural default. See People v. Pendleton, 156 A.D.2d 725 (N.Y. App. Div. 1989) (relying on procedural default to dismiss claim relating to missing witness charge on appeal even though trial court considered the merits of the claim during trial).

## III. CONCLUSION

Because Petitioner did not properly raise his claims in the state courts, he is procedurally defaulted from raising them in this habeas petition. The petition is therefore DENIED. As Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. Pursuant to 28 U.S.C. § 1915(a), in forma pauperis status is denied for the purposes of any appeal. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 3, 2008
Brooklyn, New York

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge